IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID ALLEN WARD              :
                              :
    v.                        :  Civil Action No. DKC 18-2708
                              :
ROGER PAUL WILLIAMS, JR., et al. :

**MEMORANDUM OPINION**

Plaintiff David Ward ("Plaintiff"), proceeding *pro se*, filed a Request for Clerk's Entry of Default in this racial discrimination action on November 29, 2018. (ECF No. 5). Defendants Roger Paul Williams, Jr. and Steelehouse, LLC filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(5) and 12(b)(6) on December 17, 2018. (ECF No. 8). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for clerk's entry of default will be denied, and the motion to dismiss will be denied, although service will be quashed.

**I. Background[1]**

Plaintiff alleges that he entered into a contract with Defendants to purchase a property being developed at 3723 Fords Lane, Baltimore, Md. 21215 on May 1, 2018. (ECF No. 1, at 1-2).

---

[1] The following facts are set forth in the complaint, unless otherwise stated, and construed in the light most favorable to the Plaintiff.

In the signed agreement, the parties decided that the property settlement would take place on June 22, 2018. (*Id.*, at 2). The parties agreed to postpone the settlement date three times: (1) to July 18, 2018; (2) to August 1, 2018; and (3) to August 24, 2018. (*Id.*). The settlement did not occur on August 24, 2018, and the parties' final contract extension expired. (*Id.*, at 4). Plaintiff alleges that he submitted a statement indicating his withdrawal from the sale contract and, after his withdrawal, Defendant Jesse Hoffman, a listing agent for Steelehouse, informed Plaintiff that he "had signed the new amendment/addendum for said property." (*Id.*).

Plaintiff filed a complaint against Defendants Steelehouse, Williams, Hoffman and ExecuHome Realty, LLC on August 31, 2018. (ECF No. 1). The complaint alleges that, because they "did not sign an addendum before the lapse of a seventy-hour grace period," Defendants denied him the right to finalize the purchase of the property based on his African American race. (*Id.*, at 3-5). Plaintiff does not provide the legal basis for his cause of action; instead, Plaintiff merely asserts he was discriminated against because of his race. (*See id.*, at 4). The complaint states that Plaintiff mailed a copy of the complaint to each of the Defendants. (*Id.*, at 7-8). On September 18, 2018, the court issued an order informing Plaintiff of his responsibility for effecting service of

the summons and complaint on Defendants. The order directed the clerk to issue signed and sealed summonses to Plaintiff, as directed by Fed.R.Civ.P. 4, and reminded Plaintiff to notify the court when service was effected. (ECF No. 2). Defendant Hoffman wrote a letter to the court on November 28, 2018, denying the allegations against him and maintaining that he was not served. (ECF No. 4). Defendants Steelehouse and Williams opposed Plaintiff's request for entry of default on December 17, 2018. (ECF No. 7). Plaintiff filed an opposition to Defendants Steelehouse and Williams' motion to dismiss on January 3, 2019. (ECF No. 12). Defendants Steelehouse and Williams replied to Plaintiff's opposition to the motion to dismiss on January 22, 2019. (ECF No. 14).

**II. Motion for Clerk's Entry of Default**

    **A. Standard of Review**

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[2] "It is axiomatic that service of process must be effective under

---

[2] A default judgment is a two-step process: first, the clerk enters a party's default and then a court determines whether judgment will be entered.

the [Fed.R.Civ.P.] before a default . . . may be entered against a defendant." *Md. State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D.Md. 1996). Plaintiff bears the burden of establishing that service of process was effective. *Ayres v. Ocwen Loan Servicing, LLC*, 129 F.Supp.3d 249, 261 (D.Md. 2015).

**B. Analysis**

Plaintiff requests clerk's entry of default against "R[oger] P[aul] W[illiams], J[r]., et al., for failure to plead or otherwise defend." (ECF No. 5, at 1). In support, Plaintiff states that "[t]he summons and complaint were served on [September 25, 2018] at 1603 Rolling Rd, Bel[]Air, M[D] 21014" and "[t]he two other [D]efendants named in the complaint refused service[.]" (*Id.*).

It is unclear whether Plaintiff requests a clerk's entry of default as to just Defendant Williams, Defendants Williams and Steelehouse, or all Defendants. Regardless, Defendants Steelehouse, Williams, and Hoffman have now "plead or otherwise defend[ed]." (ECF Nos. 4 & 7). Thus, Defendant ExecuHome is the only Defendant that could potentially be subject to a clerk's entry of default. Plaintiff attempted to serve Defendant ExecuHome via certified mail. (ECF No. 5, at 2). The certified mail envelope is marked unclaimed and Plaintiff provides no proof that Defendant ExecuHome received it. There is no evidence that Defendant

4

ExecuHome is even aware of this lawsuit.  Thus, the request for clerk's entry of default will be denied.

**III. Motion to Dismiss**

    **A.    Standards of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint.  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).  A court must consider all well-pleaded allegations in a complaint as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe factual allegations in the light most favorable to the plaintiff, *see Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005).  Nevertheless, a court is not required to accept as true "a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  Finally, while courts generally should hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," they may nevertheless dismiss

5

complaints that lack a cognizable legal theory or that fail to allege sufficient facts under a cognizable legal theory. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Turner v. Kight*, 192 F.Supp.2d 391, 398 (D.Md. 2002), *aff'd*, 121 F.App'x. 9 (4th Cir. 2005).

When a defendant moves to dismiss pursuant to Rule 12(b)(5), "the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *O'Meara v. Waters*, 464 F.Supp.2d 474, 476 (D.Md. 2006); *see also* Fed.R.Civ.P. 4. "Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court." *Id.* (citing *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963); *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.,* 733 F.2d 1087, 1089 (4th Cir. 1984)). The "plain requirements for the means of effecting service of process," however, "may not be ignored." *Armco*, 733 F.2d at 1089.

### B. 12(b)(6)

Defendants Steelehouse and Williams argue that Plaintiff "fails to identify any specific cause of action or theory of recovery." (ECF No. 8-1, at 6). Defendants assume, for the purposes of their motion, that Plaintiff's complaint asserts a claim under the Fair Housing Act, 42 U.S.C. §§ 3601-3619. Defendants state that Plaintiff has not alleged discriminatory

intent because the complaint does not "offer direct evidence of discrimination or invoke the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." (ECF No. 8, at 7).

In response, Plaintiff states that Defendants' argument is "false and misleading[,]" but fails to expand on this assertion. (ECF No. 12, at 10).

Plaintiff's complaint alleges housing discrimination, thus the complaint will be construed as alleging a violation of the Fair Housing Act ("FHA"), Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. § 3601, *et seq.* The FHA prohibits discrimination "in the terms, conditions, or privileges of sale . . . of a dwelling" based on "race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b).

To state a claim of discrimination under Section 3604(b), Plaintiff must allege that he is a member of a protected class and that he was treated differently than other homebuyers because of his membership in that class. *See Pinchback v. Amistead Homes Corp.*, 907 F.2d 1447, 1451 (4th Cir. 1990); *Want v. Shindle Props., LLC*, No. 18-cv-2833-PWG, 2018 WL 5392521, at *4 (D.Md. Oct. 29, 2018). Here, Plaintiff asserts a claim of housing discrimination on the basis of race. Although Plaintiff admits that he chose to withdraw from the property contract, he does state that two other

7

homes purchased by "non-African American buyers" were "completed and sold in a timely manner." (ECF No. 1, at 4). Plaintiff alleges that he was treated differently from other homebuyers based on his race and, thus, has stated a claim of discrimination under Section 3604(b). Accordingly, Defendants' motion to dismiss under Rule 12(b)(6) will be denied.

### C. 12(b)(5)

Defendants also request dismissal under Rule 12(b)(5), arguing that Plaintiff is unable to demonstrate valid service. Defendants state that "the address to which Plaintiff mailed the [c]omplaint is not the address of Steelehouse or its resident agent, and the individual who signed acknowledging receipt of the mail is neither a member of Steelehouse nor authorized to accept service on its behalf." (ECF No. 8, at 4). Defendants add that Plaintiff's attempt to serve Defendant Williams was also ineffective because "[Defendant] Williams did not sign the 'green card' acknowledging receipt of the certified mail containing the summons, he does not reside at the address to which the mail was, sent, and he did not authorize anyone to receive service of process." (*Id.*, at 5). They attach an affidavit attesting to those facts. (ECF No. 8-2).

Plaintiff responds with his own affidavit, reciting that he is very familiar with certified mailing requirements and that the

8

Maryland State Department of Assessments and Taxation ("SDAT") told him that the mailing address for the property located at 3723 Fords Lane, Baltimore, Maryland 21215, was 1603 Rolling Road, Bel Air, Maryland 21014. (ECF Nos. 12-2, at 2 & 12-3).

Rule 4 allows service on an individual or corporation by following state law for service. Fed.R.Civ.P. 4(e)(1), (h)(1)(A). The Maryland Rules permit service "by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by requesting: 'Restricted Delivery—show to whom, date, address of delivery.'" Md. Rule 2-121(a)(3). Service on an individual must be made "by serving the individual or an agent authorized by appointment or by law to receive service of process for the individual." Md. Rule 2-124(a). Service on a corporation must be made by "serving its resident agent, president, secretary, or treasurer." Md. Rule 2-124(d).

Plaintiff has not properly effected service on any of the Defendants. First, although Plaintiff asserts that he "mailed the summons and complaint to [] [Defendants Steelehouse and Williams'] mailing address of record from the SDAT," he instead sent service for Defendants Steelehouse and Williams to the mailing address for the property at issue in this case. (ECF No. 13, at 1). Plaintiff provides a letter from SDAT and a copy of the internet search he conducted to determine a mailing address for Defendants

9

Steelehouse and Williams; both indicate that Plaintiff requested the mailing address for the property he attempted to purchase instead of determining the actual address of either Defendant.[3] Additionally, the individual who received the certified mailing was not Defendant Steelehouse's resident agent or an agent authorized to receive service on behalf of Defendant Williams.[4] Because Plaintiff mailed service upon Defendants Steelehouse and Williams to the wrong address and the Defendants did not receive his service attempts, Plaintiff did not comply with the Maryland Rules for effecting service of process. *See Quann v. Whitegate-Edgewater*, 112 F.R.D. 649, 654 (D.Md. 1986) (finding service insufficient because "neither [of the] defendant[s] . . . named on the certified mail receipts[] signed for the delivery"); *Ngabo v. Le Pain Quotidien*, No. 11-cv-0096-DKC, 2011 WL 978654, at *2 (D.Md.

---

[3] An SDAT Business Entity Search for "Steelehouse" returns a business named Steelehouse, LLC with a Department ID of W14441943. SDAT's "General Information" tab for Defendant Steelehouse indicates that Roger Paul Williams, Jr. is the resident agent and the company's principal address is 4047 Ganford Court, Jarrettsville, Md 21084. *Steelehouse, LLC*, Md. Bus. Express, https://egov.maryland.gov/BusinessExpress/EntitySearch/BusinessInformation/W14441943.

[4] Defendant Williams' affidavit indicates that Robert Keesling ("Mr. Keesling") accepted the envelope addressed to Defendant Williams but fails to indicate how he knows Mr. Keesling or why Mr. Keesling might accept a package on his behalf. (ECF No. 8-2 at ¶ 6).

Mar. 17, 2011) (finding that Plaintiff did not properly effect service of process via certified mail due to multiple deficiencies, such as "mail[ing] the summons and complaint to [d]efendant's Bethesda restaurant, rather than to a person authorized to receive service, such as [d]efendant's resident agent, president, secretary, or treasurer."). Finally, like the certified mail envelope containing service upon Defendant ExecuHome, the envelope containing service upon Defendant Hoffman is also marked unclaimed and Plaintiff provides no proof that Defendant Hoffman received it. (ECF No. 5, at 2). Accordingly, service of process has not been properly effected on any of the four Defendants.

However, Defendants Steelehouse, Williams and Hoffman received actual notice, as evidenced by their respective filings in this case. "When the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction." *Armco*, 733 F.2d at 1089. Where "the first service of process is ineffective, a motion to dismiss should not be granted but rather the [c]ourt should treat the motion in the alternative, as one to quash the service of process[.]" *Vorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir. 1983) (quoting *Bailey v. Boilermakers Local 667 of Int'l Bhd. of Boilermakers*, 480 F.Supp. 274, 278 (N.D.W.Va. 1979)). Plaintiff may not, however, ignore the rules for effecting service. *Id.*

11

("But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored."). In the interest of justice and recognizing Plaintiff's *pro se* status, Plaintiff will be provided another opportunity to effect service of process on all Defendants in accordance with federal or Maryland law. *See Haines*, 404 U.S. at 520.

**IV. Conclusion**

For the foregoing reasons, Plaintiff's motion for clerk's entry of default will be denied, Defendant's motion to dismiss will be denied, and service will be quashed as to all Defendants. A separate order will follow.

___/s/___
DEBORAH K. CHASANOW
United States District Judge
